■ In the Matter of LEOPOLD STOKOWSKI, Appellant, against GLORIA V. LUMET, Respondent.— Order appealed from unanimously modified on the law and on the facts and in the exercise of discretion, as follows: Paragraph " C.4 " of the second ordering paragraph is modified by deleting therefrom the words " for four (4) consecutive weeks during either July or August, provided that he shall notify the respondent, in writing, of his choice on or before the first day of February of each such year " and inserting the words " for the months of July and August "; deleting the words " four (4) weeks " and " four (4) week ", so that such paragraph will read: " In each year commencing 1960, petitioner shall have the right to have said infant sons with him for the months of July and August. Petitioner shall also furnish respondent, in writing, with a detailed itinerary of said infant sons for said period, as soon as known, and keep respondent advised as to their whereabouts. For the purpose of each such visitation period, petitioner shall call for said infant sons at 10:00 A.M at the lobby of respondent's residence at 10 Gracie Square, New York, N. Y., on the first day of such period, and shall return said infant sons to said place no later than 6:00 P.M. on the last day of such period." Paragraphs " C.5 ", "C.6 " and " C.7 " are stricken. The third ordering paragraph is modified to strike therefrom " C.8 " and to insert in place thereof the words ".C.4 " as modified." As so modified the order is otherwise affirmed, without costs to either party. We find nothing in this record to warrant the undue restrictions placed on petitioner's rights of visitation. It is clear from the record that the parents have love and affection for these children and that these sentiments are reciprocated as to each. In light of the fact that respondent will have the children for 10 months of the year, it is only fair that petitioner should

have the right to their care and companionship for two months. In this way the guidance and counsel of the parents and the sharing of the children's society will, it is hoped, aid the children in achieving a more normal life. However, it is our view, in light of the tender age of the infants, that general custody should be vested in respondent. Settle order. Concur — Breitel, J. P., Rabin, McNally, Stevens and Noonan, JJ.